UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MICHELLE R. TOOKER, | ) | CASE NO. C04-2020-MJP |
| Plaintiff, | ) ) | |
| v. | ) ) | REPORT AND RECOMMENDATION RE: SOCIAL SECURITY |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) | DISABILITY APPEAL |
| Defendant. | ) ) | |
| _____ | ) | |

Plaintiff Michelle Tooker proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Disability Insurance (DI) and Supplemental Security Income (SSI) benefits after two hearings before an Administrative Law Judge (ALJ).

Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, it is recommended that this matter be REMANDED for an award of benefits.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born in 1964. She has a high school education. Plaintiff's prior work experience includes work as a housekeeper, parts person, purchaser, bookkeeper, brazer, and waitress. Plaintiff was last insured for DI benefits on March 31, 2000.

Plaintiff initially applied for SSI and DI benefits in June 1999, alleging a disability onset date of May 5, 1999. Plaintiff's applications were denied initially and on reconsideration.

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -1

01    ALJ Arthur Joyner held a hearing on August 14, 2001 and heard testimony from plaintiff
02 and vocational expert (VE) William Weiss. (AR 31-63.) On October 1, 2001, ALJ Joyner issued
03 a written decision that denied plaintiff's claim. (AR 14-23.) Plaintiff appealed the ALJ's decision
04 to the Appeals Council. On December 20, 2001, the Appeals Council found no reason to review
05 the ALJ's decision. (AR 4-5.) Plaintiff then sought review in this Court, under case number C02-
06 169R. On September 6, 2002, the parties stipulated to a remand for a new hearing. (AR 344-45.)
07 The stipulated remand order from this Court provided that the ALJ would obtain supplemental
08 evidence from a VE and "make a specific finding as to the frequency of the claimant's need to
09 alternate sitting and standing." (AR 344.)

10    ALJ Joyner held a new hearing on February 17, 2004 and heard testimony from plaintiff,
11 medical expert Kenneth Sawyer, M.D., and VE Stephen Van Houten. (AR 424-54.) On July 24,
12 2004, ALJ Joyner again issued a decision denying plaintiff's claim, which constituted the final
13 decision of the Commissioner. (AR 328-37.) Plaintiff appealed the Commissioner's decision to
14 this Court.

15                            **JURISDICTION**

16    The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

17                            **DISCUSSION**

18    The Commissioner follows a five-step sequential evaluation process for determining
19 whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must
20 be determined whether the claimant is gainfully employed. The ALJ found plaintiff not gainfully
21 employed since her alleged onset date. At step two, it must be determined whether a claimant
22 suffers from a severe impairment. The ALJ found that plaintiff's cervical strain, low back pain,
23 and headaches were severe impairments. Step three asks whether a claimant's impairments meet
24 or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal a
25 listed impairment. If a claimant's impairments do not meet or equal a listing, the Commissioner
26 must assess residual functional capacity (RFC) and determine at step four whether the claimant

has demonstrated an inability to perform past relevant work. The ALJ assessed plaintiff's RFC and found her not able to perform her past relevant work. If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. The ALJ found that plaintiff could perform a significant number of jobs in the national economy, including work as an assembler or parking lot attendant/cashier. (AR 337.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and his findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

In this case, plaintiff asserts that the ALJ erred at step two by failing to identify all of her severe impairments. Plaintiff also contends that the ALJ erred in assessing her RFC and failed to comply with the remand order in this case, which directed the ALJ to make a specific finding regarding the frequency that plaintiff must alternate sitting and standing and the length of time she must stand when she alternates positions. Plaintiff also disputes the ALJ's rejection of her subjective pain testimony and contends that the ALJ posed a flawed hypothetical to the VE at step five. Plaintiff requests that the Court vacate the Commissioner's decision and order the Commissioner to find her disabled or, in the alternative, to remand this case for further administrative proceedings. The Commissioner asserts that the decision is supported by substantial evidence and free of legal error. However, for the reason described below, the undersigned concludes that this matter should be remanded for an award of benefits.

Step Two Determination

At step two, the ALJ found plaintiff's cervical strain, low back pain, and headaches to be severe impairments. (AR 332, 336.) Plaintiff contends that the ALJ "erred at step two when he failed to find the Plaintiff's lumbar radiculopathy with leg pain and numbness, and her arm/hand numbness resulting from her cervical disc radiculopathy" to be severe impairments."[1] (Dkt. 11, at 20.) The Commissioner argues that the ALJ's step two findings were sufficiently broad to include these limitations. The Commissioner also maintains that "any omission from over-generalizing did not result in a changed residual functional capacity finding." (Dkt. 14, at 6.)

While "low back pain" could be reasonably interpreted to incorporate lumbar radiculopathy with leg pain and numbness, it is not clear that a "cervical strain" reasonably incorporates arm/hand numbness resulting from cervical disc radiculopathy. It is likewise unclear why ALJ Joyner rendered a different and much less specific step two determination in his second decision.[2] In these respects, the undersigned finds the ALJ's step two determination deficient. However, because the Court finds remand for an award of benefits appropriate for the reason described below, the ALJ's step two determination need not be addressed on remand.

RFC Assessment

The ALJ assessed plaintiff's RFC as follows:

> Although the medical expert and the consultative examiner both stated that the claimant was able to do a modified level of light work, I have taken into consideration both her testimony, the treatment notes of her treating doctor, as well as the record as a whole. Based on the entire record, I will give the claimant the benefit of the doubt and find that she is limited to lifting and carrying no more than 10 lbs. The claimant is able to stand and or walk for a total of 2 hours in an 8 hour workday, and

---

[1] Plaintiff also maintains in a single sentence in her opening brief that the ALJ "failed to properly determine all of Plaintiff's severe mental impairments at step 2," (Dkt. 11, at 22), but does not provide any argument supporting this assertion.

[2] In his first decision, the ALJ found that plaintiff's severe impairments included degenerative disc disease, "status-post bilateral shoulder arthroscopy and acromioplasty," "status-post bilateral shoulder manipulation for adhesive capsulitis," and "residual partial deltoid detachment of her left anterior acromion." (AR 22.)

to sit for 6 hours in an 8 hour workday, with a sit/stand option, which means that the claimant can sit or stand as desired in the work space at her work station, but she does not need to leave the work station. The claimant is limited to work that required only limited pushing, pulling and overhead reaching, and overhead lifting of 5 lbs. or less. The claimant is limited to work that requires only limited use of shoulders. The claimant is able to occasionally climb stairs, balance, and stoop. The claimant should never climb ladders, kneel, crouch or crawl and should not work on heights or hazards.

(AR 334). As discussed below, plaintiff alleges several errors with this RFC assessment.

1.  Compliance with Remand Orders and SSR 96-9p

Plaintiff notes that the remand order from this Court specified that the ALJ "will make a specific finding as to the frequency of the claimant's need to alternate sitting and standing." (AR 344.) The remand order from the Appeals Council included the same requirement. (AR 348.) Such a finding is mandated by SSR 96-9p, which provides that in cases where a claimant needs to alternate the required sitting of sedentary work by standing periodically, "[t]he RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing." Plaintiff argues that the ALJ failed to comply with this requirement.

However, the ALJ's RFC assessment specifies that plaintiff needs a "sit/stand option, which means that the claimant can sit or stand as desired in the work space at her work station, but she does not need to leave the work station."[3] This finding satisfies both the remand order and SSR 96-9p.

2.  Limitations in Neck and Torso Movement

Plaintiff argues that the ALJ erred because he "included no postural limitations resulting from Plaintiff's neck pain, such as in her ability to look up or down or side to side for sustained periods." (Dkt. 11, at 23.) Plaintiff also argues that the ALJ erred in including no limitations in "twisting her torso." *Id*. Plaintiff bases this argument on the opinion of Dr. Heilbrunn, an examining physician who opined that plaintiff has limitations in neck range of motion and in

---

[3] The RFC assessment also contains an additional finding that plaintiff can sit for 6 hours in an 8 hour workday. (AR 334.)

twisting her neck and torso. (AR 377.) The ALJ gave significant weight to Dr. Heilbrunn's opinion. (AR 333.)

The Commissioner appears to argue that, while Dr. Heilbrunn first identified "postural limitations of back and neck range of motion," he went on to more specifically describe plaintiff's limitations without reiterating limitations in twisting her torso and neck. (AR 377.) However, because Dr. Heilbrunn did specifically find plaintiff "limited in twisting movements of her torso and neck," the ALJ should have at least addressed these purported limitations. *Id*. In fact, these limitations appear relevant to the positions identified by the ALJ at step five, including assembler and parking lot attendant/cashier. (AR 335.)

The Commissioner also responds to plaintiff's argument by noting that the medical expert who testified at the hearing did not include any limitations in neck movement in assessing plaintiff's RFC. However, even assuming that this omission by the medical expert meant that he did not believe plaintiff had such a limitation, the Commissioner's argument demonstrates a conflict in physician opinions that the ALJ failed to address.

As such, the undersigned finds that plaintiff demonstrates error in the ALJ's failure to at least address the question of whether plaintiff was limited in twisting her neck and torso. However, again, because the Court finds remand for an award of benefits appropriate for the reason described below, the twisting limitations need not be addressed on remand.

3. <u>Limitations in Bending and in Concentration, Pace, or Persistence</u>

Plaintiff suggests that the ALJ erred by not including any limitations in bending or related to concentration, pace, or persistence. (Dkt. 15, at 6-7.) However, because she raises these arguments for the first time in her reply brief, they should be disregarded as untimely.

<u>Hypothetical to Vocational Expert</u>

At step five, plaintiff argues that the ALJ failed to present a hypothetical to the VE that fully and accurately described all of her limitations. In particular, plaintiff argues that the ALJ's hypothetical did not adequately describe plaintiff's need to be able to sit and stand at will.

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -6

Among other limitations, the ALJ's hypothetical to the VE indicated that plaintiff could "stand, walk two out of eight [hours] with a sit, stand option. And by that I mean she could sit and stand at will in place. She would not have to leave the workstation, sit six, eight [hours] with a sit and stand option." (AR 448.) This hypothetical is essentially consistent with the ALJ's RFC assessment that plaintiff had to be able to stand or sit "as desired" in her work space. In response to this question, the VE indicated that a person with such limitations could perform work as an assembler or parking lot attendant. (AR 449-50.) Plaintiff's counsel then questioned the VE as follows:

> Atty: . . . . [A]s I understood the Judge's hypothetical the . . .person had to be able to sit and stand at will. Is that something you took into consideration in the hypothetical?
>
> VE: Well, he said a sit, stand option. He didn't say at will but I guess it's the same thing. I don't know. He said a sit, stand option. Those are – that's a sit, stand option job.
>
> Atty: Okay. I don't know if I can get a clarification on that, Your Honor.
>
> ALJ: When I said a sit, stand option I meant that she could occasionally stand up or sit down as she needed to but not – I mean I don't mean sit down, stand up, sit down, stand up to interfere with work. I mean occasionally in a sit, stand option a person could have unscheduled sitting down and standing up.
>
> VE: Okay.
>
> Atty: And would that be permissible in each of those two positions?
>
> VE: In my opinion, yes.

(AR 452-53.)

Plaintiff asserts that the VE apparently failed to hear the ALJ's initial specification that plaintiff had to be able to stand and sit "at will." Plaintiff also argues that the clarification offered by the ALJ – that the plaintiff could "occasionally stand up or sit down as she needed" but not in a way "to interfere with work" – was inconsistent with her need to be able to stand and sit "at will." The Commissioner argues that the ALJ's clarification did not additionally restrict the initial "at will" question.

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -7

The undersigned concludes that the ALJ's clarification at the hearing did not materially alter the limitation as originally stated or as stated in his decision. Consequently, this finding would not warrant remand for reconsideration.

Plaintiff's Subjective Pain Testimony

Plaintiff also argues that the ALJ erred in rejecting her testimony regarding the severity of her pain. The ALJ addressed this issue as follows:

> At the hearing the claimant testified that she was unable to do any work due to pain. She stated that she had a burning sensation in the center base of her head and left shoulder. She stated that she also had pain in her left hip, with an aching down her left leg and numbness down to her toes. She stated that because of her pain she did not think she was able to lift or carry 10 lbs. She stated that she did not think that she could sit or stand for more than ½ hour. She stated she had to rest five to six times per day for 20 to 30 minutes per day. She stated that she was taking 45 to 60 Vicodin per month for pain.
>
> I note that the claimant's main complaint is pain, but both the medical expert and the consultative medical examiner stated that claimant's medical records do not support her claimed limitations. The claimant admitted at the hearing to taking more pain medications than were indicated by her physician [AR 389], and her treating physicians treatment notes do not show her to be as limited as she claims [AR 386, 390]. Thus I do not find the claimant's allegations of completely disabling pain to be credible.

(AR 334.)

Absent evidence of malingering, an ALJ must provide clear and convincing reasons to reject a claimant's testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001); *see also Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). In finding a social security claimant's testimony unreliable, an ALJ must render a credibility determination with sufficiently specific findings, supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the

symptoms of which he complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

In considering a plaintiff's subjective pain testimony, "once the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991). However, medical evidence is "still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

In this case, the ALJ offered three reasons for rejecting plaintiff's subjective pain testimony. First, he found that the medical expert and the consultative physician stated that her medical records did not support her claimed limitations. Plaintiff correctly notes that neither the medical expert, nor the consultative physician (Dr. Heilbrunn) ever made such a statement. (Dkt. 8-9.) However, neither the medical expert, nor Dr. Heilbrunn offered RFC assessments including limitations as severe as those claimed by plaintiff. *See* AR 377-78 (Dr. Heilbrunn's functional assessment); AR 431-36 (Dr. Sawyer's RFC assessment). Nonetheless, under *Bunnell*, a lack of medical evidence cannot serve as the sole basis for rejecting plaintiff's testimony regarding the severity of her pain. As such, the ALJ needed to offer an additional reason to reject plaintiff's subjective pain testimony.

The ALJ next noted that plaintiff "admitted at the hearing to taking more pain medications than were indicated by her physicians." (AR 334.) However, it is not clear how this constitutes a clear and convincing reason to reject her pain testimony. In fact, if anything, it would appear to support plaintiff's contentions about the severity of her pain.

Finally, the ALJ noted that plaintiff's "treating physicians treatment notes do not show her to be as limited as she claims." (AR 334.) The ALJ cited two specific pages in the record to support this general assertion. (AR 386, 390.) However, a review of these reports (from Dr. Deborah Amos) do not necessarily contradict plaintiff's testimony. In addition, *Bunnell* requires

the Commissioner to point to more than a lack of corroborating medical evidence to reject plaintiff's pain testimony.

Given the above, the undersigned concludes that the ALJ failed to offer sufficient reasons to reject plaintiff's testimony regarding the severity of her pain. Therefore, the Court must determine whether plaintiff's testimony should be credited as true.

A claimant's testimony may be credited as true where the ALJ improperly rejects the claimant's testimony as to his or her limitations. *Lester*, 81 F.3d at 834 ("[W]here the ALJ improperly rejects the claimant's testimony regarding his limitations, and the claimant would be disabled if his testimony were credited, 'we will not remand solely to allow the ALJ to make specific findings regarding that testimony.' Rather, that testimony is also credited as a matter of law.") (internal citations omitted) (quoting *Varney v. Secretary of Health and Human Servs.*, 859 F.2d 1396, 1401 (9th Cir. 1988)). Crediting testimony as a matter of law is appropriate when, taking that testimony as true, the evidence supports a finding of disability. *See*, *e.g.*, *Schneider v. Commissioner of Social Sec. Admin.,* 223 F.3d 968, 976 (9th Cir. 2000) ("When the lay evidence that the ALJ rejected is given the effect required by the federal regulations, it becomes clear that the severity of [plaintiff's] functional limitations is sufficient to meet or equal [a listing.]"); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996) (ALJ's reasoning for rejecting subjective symptom testimony, physicians' opinions, and lay testimony legally insufficient; finding record fully developed and disability finding clearly required). However, courts retain flexibility in applying this "'crediting as true' theory." *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (remanding for further determinations where there were insufficient findings as to whether plaintiff's testimony should be credited as true).

In this case, the VE testified at the hearing that all jobs would be eliminated if plaintiff's testimony was taken as fully credible, due to her stated need to lay down several times a day for periods of 20-30 minutes. (AR 450.) Therefore, taking plaintiff's testimony as true, the evidence supports a finding of disability in this case. For this reason, the undersigned recommends that this

matter be remanded for an award of benefits.

## **CONCLUSION**

Plaintiff demonstrates that the ALJ improperly rejected her testimony as to her limitations and the evidence supports crediting that testimony. Accordingly, this matter should be REMANDED for an award of benefits.

DATED this  23rd  day of May, 2005.

*Mary Alice Theiler*
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -11